**EXHIBIT B**

IN THE SUPERIOR COURT OF THE STATE OF CALIFORNIA
IN AND FOR THE COUNTY OF SAN FRANCISCO

THE PEOPLE OF THE STATE OF CALIFORNIA,
                    PLAINTIFF

vs.

CHARLES WAYNE LEWIS
                    DEFENDANT

DOB: 5/6/42

SFPD NO.: 328602   CII NO. 1 306 964

DATE: 11/15/77       PROBATION NO. 218138
JUDGE: Claude Perasso   DEPT. NO. 21
COURT NO.: 95226
CHARGE: Section 187 PC-1st Degree (Murder)
SENTENCE:

OFFENSE DATE: 9/26/76
ARREST DATE: 4/26/77

PROBATION OFFICER REPORT AND RECOMMENDATION
TO THE ABOVE ENTITLED HONORABLE COURT

DISTRICT ATTORNEY: JOSEPH FREITAS, JR. (Deputy Jerome Benson)

ATTORNEY FOR DEFENSE: ROBERT NICCO (Deputy Parker Meeks)

DATE OF VERDICT: 10/25/77 (SC 21)

CUSTODY STATUS: In

DAYS IN CUSTODY: 127

REFERRED TO PROBATION DEPARTMENT: 10/25/77 from SC 21

CURRENT ADDRESS: 3500 Bruce Street, Apt. #1

CITY: Oakland       STATE: California   ZIP CODE:

EMPLOYED: No

RECOMMENDATION

That defendant be committed to the Department of Corrections.

AP 89 (4/77)

IN THE CASE OF CHARLES WAYNE LEWIS

SUPERIOR COURT NO. 95226

CHARGE: VIOLATION OF SECTION 187 PC - 1ST DEGREE (MURDER)

PRIOR OFFENSES

| Date | Offense |
|---|---|
| 7/21/60 | Oakland, Ca.<br>415 PC (Disturbing the peace)<br>8/2/60: 30 dys CJ, judgment susp 1 yr. |
| 12/9/60 | Berkeley, Ca.<br>207 PC (Kidnapping)<br>261 PC (Statutory rape)<br>10/3/61: 6 mos CJ, prob denied. |
| 9/20/63 | Berkeley, Ca.<br>484 PC (Petty theft)<br>11/14/63: $110 or 5 dys CJ - served 5 dys. |
| 5/13/66 | Los Angeles, Ca.<br>211 PC (Robbery)<br>10/25/66: Guilty 487.2 PC (Grand theft) - prob denied, 1 yr CJ. |
| 8/9/66 | Los Angeles, US Marshall<br>Federal Bank Robbery, 2 Counts<br>11/8/66: Fed Prison, Lompoc, 90 dys observation<br>5/25/67: US Prison, Marion, Ill. 15 yrs<br>6/18/71: Paroled, Exp. date 2/9/81<br>5/24/72: Viol of parole<br>5/4/73: Parole revoked, ret'd to Lompoc<br>12/17/73: Paroled, Exp. date 5/18/83. |
| 2/28/72 | Oakland, Ca.<br>11500 H&S (Poss narc)<br>9/7/72: Jury conviction 11910 H&S - 6 mos. prob, 6 mos CJ/CTS. |

-1-

IN THE CASE OF CHARLES WAYNE LEWIS

### PRIOR OFFENSES (Cont'd)

| | |
|---|---|
| 3/6/72 | Oakland, Ca. |
| | 653f PC/Misd (Solicit to commit felony) |
| | 9/7/72:  6 mos prob, 6 mos CJ cc w/sentence above. |
| 10/22/76 | Alameda County, Ca. |
| | 211 PC (Robbery) |
| | 245a PC (Aggravated assault) |
| | 5/10/77:  211 PC-1st - Committed to Dept. of Corrections. |

### PRESENT OFFENSE

Legal Summary:

On 4/26/77, the defendant and his co-defendant, Jeffrey Colbert, were arrested and charged with violation of Section 187 PC (Murder).  On 8/12/77, they appeared in a preliminary hearing in Municipal Court, Department 12, The Honorable J. Dominique Olcomendy presiding, and were held to answer on the charge of murder.

On 10/12/77 in Superior Court, Department 22, The Honorable Walter F. Calcagno presiding, co-defendant, Jeffrey Colbert, pled guilty to violation of Section 32 PC (Accessory to murder) and the 187 PC charge against him was dismissed.  Sentencing in his case was scheduled for 11/9/77 in Superior Court, Department 22, and information on his sentence was not available at the time of preparing this report.

On 10/25/77 in Superior Court, Department 21, The Honorable Claude D. Perasso presiding, the defendant was found guilty of murder in the first degree by a jury.  The matter was then referred to the Probation Department for a pre-sentence report scheduled for 11/15/77.

Statement of Offense:

Although the Court has heard the evidence in this case during the course of the jury trial, an account of the

-2-

IN THE CASE OF CHARLES WAYNE LEWIS

Statement of Offense:   (Continued)

offense is offered here in accordance with the provisions of Section 1203 PC. The undersigned officer has not had access to the transcript of the trial; therefore, the following statement on the offense is necessarily limited by the fact that it is based solely on information contained in an Alameda County probation report on a related armed robbery case, the transcript of the preliminary hearing in the present case, and the San Francisco Police Department incident report.

The defendant and his co-defendant, Jeffrey Colbert, were arrested on 4/26/77 and charged with the murder of Gary Hasznos which occurred on 9/26/76. The victim and the two co-defendants had participated in an armed robbery three days prior to the murder of Hasznos.

According to the Alameda County probation report, dated 5/10/77, on the robbery conviction, at approximately 5:00 PM on 9/23/76, Jeffrey Colbert and Gary Hasznos entered the Odyssey Head Shop, Hayward, where the owner, Tony Silva, was working. The two men stayed in the shop for a brief time and left. About an hour later, Mr. Silva, who was alone in the shop, heard a noise in the back workroom and went to investigate. There, he was confronted by the defendant who pistol whipped him and demanded money. The defendant also shot Mr. Silva in the shoulder, tied him up, and covered his head with a blanket.

The defendant then went to the store area of the building and Mr. Silva heard the door of the shop open and heard the voice of Jeffrey Colbert whom he knew. The defendant came back to the workroom and took Mr. Silva's wallet which contained a thousand dollars. The defendant and Colbert then left the shop, and as they were walking away, both were spotted by friends of Mr. Silva and were later identified by them through police photos.

Subsequently, the defendant was arrested on the robbery charge on a warrant on 10/22/76, and Colbert was arrested

IN THE CASE OF CHARLES WAYNE LEWIS

Statement of Offense: (Continued)

on a warrant on 11/23/76. According to the Alameda County report, the third person involved in the robbery, Gary Hasznos, reportedly had "telephoned the Sheriff's Office and gave a statement to the Sheriff that both Colbert and Lewis were involved in the robbery of the Odyssey Head Shop." The defendant pled guilty to violation of Section 211 PC in the first degree (Robbery) and Section 12022.5 PC (Use of a firearm) on 3/29/77, and he was sentenced to State Prison on 5/10/77. Information regarding the sentence of his robbery co-defendant Colbert was not available at the time of preparing this report.

On 12/1/76, felony warrants were issued by San Francisco Municipal Court Judge Ollie Marie-Victoire for the arrest of the defendant and his co-defendant, Jeffrey Colbert, charging them with the murder of Gary Hasznos on 9/26/76.

According to the transcript of the preliminary hearing in Municipal Court, Department 12 on 8/12/77, several witnesses testified that the defendant arrived at the home of his cousin, in San Francisco, between two and three on the afternoon of 9/25/76. About 9:00 PM that evening, Jeffrey Colbert and Gary Hasznos came to the defendant's cousin's home and went upstairs to a bedroom. Later that night, between 11:00 and 12:00 PM, there was the sound of "tusseling" coming from the bedroom, and the defendant's two young cousins testified they saw Colbert and Hasznos struggling with each other. The cousins demanded that Hasznos be removed from their house, and they testified that they saw the defendant and Colbert, one on each side of Hasznos, walk out the back door of the house with Hasznos.

The police incident report relates that at 12:15 AM, Sunday morning, 9/26/76, the nude body of a white male, later identified as Gary Hasznos, was found in a parking lot at Candlestick Park. According to the transcript of the preliminary hearing, the medical examiner testified that "there were multiple abrasions and cuts about (Hasznos') body, covering from the top of his head down to his feet, both front and back and on his extremities. The lethal injury was either a single

-4-

IN THE CASE OF CHARLES WAYNE LEWIS

Statement of Offense: (Continued)

or multiple blows to the back of the head on the left side which had produced a large area of contusion with lacerations. This had resulted in multiple fractures of the skull and lethal damage to the brain." The doctor also testified that "there was a stab wound on the left side of the chest toward the back which had penetrated the chest wall and entered the lung, in fact, had entered the lung in two separate places, although the wound on the skin surface was a single wound." It was the doctor's opinion that "Death resulted from multiple traumatic injuries consisting of head injuries and stab wounds of the left chest with internal hemorrhage."
LEWIS WAS SUBSEQUENTLY ARRESTED ON

Defendant's Statement: 4/26/77 end facts

The defendant was interviewed in custody and submitted the following written statement on 11/3/77:

"The offense for which I am awaiting sentencing is 1st degree murder - On September 25, 1976 while visiting relatives in hunters Point - at about 11:00 - 11:30, two acquaintances of mine came over - One being Jeffery Colbert; whom I've known for about (2) yrs - The other being Gary Haznos, a guy I've met on several occasions. Two days prior to this visit... I and the above mentioned gentlemen had engaged ourselves in an arm robbery. Due to a set of circumstances beyond our control the monies derived from this unlawful act was left in the hands of one Gary Haznos, who was a friend of Mr. Colbert. - At anyrate when the time came for the division of this ill gotten money - I, along with Colbert was told that there was no money - Very bitter pill to swallow, but since I had been assured by Colbert, prior to my agreement to act as robber - that if thing's were not as he said they would be - He himself would compensate me. Getting back to (9/25/76) & 9/26/76) at my relative's in Hunters Point - Several moment's after arriving there, both Haznos & Colbert went upstairs to I assumed, to engage themselve's in a cocaine snorting contest - After what seemed to be (15-20) minutes - Shouting & Scuffling noise's came from upstairs - I & another relative jerry rice, went upstairs to investigate the cause of this commotion. Once upstairs we found Colbert & Hazno's fighting - with Colbert shouting something to the affect of

-5-

IN THE CASE OF CHARLES WAYNE LEWIS

Defendant's Statement: (Continued)

"you got the money" etc, etc, etc. My immediate response was to get this madness out my relative's home - in doing so I commenced to grab & hit both individual involved in an effort to separate the two. After separating the two and getting them out the house and making sure they were away from my relative's immediate area - I went back in & helped Jerry tidy up the area where the hassle had ensued - My car was not operable at this time - and due to the lateness, I decided to spend the night. Several day's later I was told by Colbert, that Hazno's body had been discovered at Candle Stick Park, the day after the hassle at my relative's - I didn't push for particular's because I didn't want to know anything more - I was arrested (10/22/76) for robbery - that same morning (2) two investigator's from the S. F. Homicide detail came to question me in regard's to the above mentioned matter - I conveyed to them that I knew Hazno's & Colbert - but, I didn't mention the episode that occurred at my relative's - On (11/23/76) Colbert was arrested at which time he gave a statement stating I was the responsible party in the death of one Gary Hazno's - The rest is history, I had a jury trial with Colbert as the State's chief witness with no evidence of any kind to support his contention that I Charles W. Lewis, had in fact killed Gary Hazno's, - I was offered second degree several time's (3) times as a matter of fact which I refused on the ground's
 ------ that I am ------
INNOCENT!            INNOCENT!            INNOCENT!
                    Respectfully,

                    /s/ Charles W. Lewis"

SOCIAL FACTORS

Background:

The defendant was disinterested in discussing his background and gave only the following factual data, which was verified in part by the Alameda County report.

Charles Wayne Lewis was born on 5/6/42 in Dallas, Texas, the oldest of two sons born to Christine Jackson and Caldwell Lewis. Later the same year, the family moved to Oakland, Ca.

-6-

IN THE CASE OF CHARLES WAYNE LEWIS

Background: (Continued)

The defendant's mother died in 1974; ~~his father died in 1975~~.

On 1/20/66, the defendant married Elveane Lewis. Their first son, Manfred, had been born on 9/20/64 prior to the legal marriage; their second son, Marcus, was born 11/28/72.

According to the Alameda County Probation Report of 5/10/77, the defendant's father died when the defendant was one or two years old. His mother remarried several times and reportedly had six more children.

Following the family's move to Oakland in 1942, the defendant was reared by his maternal grandparents and other relatives in the area. From time to time, he lived with his mother and various stepfathers.

Education:

The defendant claims to have graduated from Technical High School in Oakland, but the Alameda County report states he attended the Technical High School only through the eleventh grade, entering and leaving school on several occasions, and finally being dropped from school. He allegedly completed his high school education and received his diploma while in Federal Prison in Marion, Illinois. He further stated that he completed a year of college courses through extension classes offered at the Prison by Southern Illinois University. This was verified by his Federal Parole Officer, Woody Clint.

Employment:

The defendant's last employment was as a counselor at the Seventh Step Foundation in Hayward, from January, 1975 until July, 1976. This employment was verified by the defendant's Federal Parole Officer, but verification requested from his supervisor at the Foundation has not been received.

Previous employment included work as a counselor at a halfway house called "Klein Bottle," in Santa Barbara, from December, 1973 to August, 1974; five months' work as a truck driver in 1971-1972 for a company that reportedly became bankrupt; and one year as a stock clerk for Drug King in Los

-7-

IN THE CASE OF CHARLES WAYNE LEWIS

Employment: (Continued)

Angeles in 1964.

The defendant has not worked since July, 1976, and he stated that he has filed for a Wage Earner Plan under Chapter 13 of the Federal Bankruptcy Act because he is $3,000.00 in debt. His wife currently supports their children through her employment as a teletype operator.

Health:

Although otherwise in good health, the defendant claims to be suffering from glaucoma which he says was diagnosed in February, 1977 at Highland General Hospital, Oakland.

Interested Parties:

The District Attorney's Office has recommended commitment to State Prison consecutive to the prison term from the Hayward robbery.

The defendant's behavior on parole was discussed with the Federal Parole Officer, Mr. Woody Clint. Mr. Clint indicated that the defendant reported regularly as required, that the two often had very enjoyable conversations together, and that statements of the defendant regarding his employment and living situation always checked out when verified. Over time, Mr. Clint stated he came to trust the defendant to the extent of loaning him money which he repaid. However, Mr. Clint also stated that it was his strong opinion that the defendant has a very definite potential for violence and that he is easily provoked into dangerous aggressive behavior.

SUMMARY AND EVALUATION

This 35-year-old, black, male defendant is currently before the Court for sentencing following his conviction by a jury of the murder of Gary Hasznos. His co-defendant, Jeffrey Colbert, has pled guilty to the charge of being an accessory to the murder of Hasznos and is to be sentenced on 11/9/77.

-8-

IN THE CASE OF CHARLES WAYNE LEWIS

Summary and Evaluation: (Continued)

The defendant is a complex human being. He possesses many positive characteristics: he appears to be above-average in intelligence; he projects a warm, gentle demeanor and expresses a deep concern and caring for his fellow human beings; he has maintained a marital relationship that has lasted more than 15 years; and by all accounts he has been a good father to his sons as well as a substitute father for five neighbor youngsters. As verified by the defendant's Federal Parole Officer, Mr. Clint, and the Alameda County probation report, the defendant, during the several periods of his life that he has spent time in custody, both in county jails and the federal prisons, has used the time to acquire more education for himself and has also passed on his knowledge to young inmates in need of basis educational tools. Also, according to Mr. Clint, he apparently was a very effective counselor at the Seventh Step Foundation.

During the several interviews held with the defendant, this writer was impressed by his candor and honesty in discussing the details of his prior record. He freely admitted his guilt in previous convictions. When he strongly professed his innocence in the present offense, it was difficult not to believe him, so sincere and straightforward he appeared to be.

Yet, the other, anti-social, violent side of the defendant appears to be clearly delineated in the history of his past offenses. For example, in the Hayward robbery, the defendant pistol-whipped the victim, and then shot him.

During a robbery in Los Angeles, in 1966, he slugged and robbed a female in a parking lot. According to the Parole Officer, the defendant was charged with murder that same year in Los Angeles, and although acquitted, apparently on the basis of self-defense, he stabbed the victim who had provoked a fight with him at a party.

-9-

IN THE CASE OF CHARLES WAYNE LEWIS

Summary and Evaluation: (Continued)

In summary, the defendant appears to be capable of a loving, sensitive, concern for people he enjoys a close personal relationship with, and he also can be cold-blooded, brutal and insensitive in confrontations with strangers or those from whom he has been alienated. He appears neither suitable nor eligible for probation in this matter.

RECOMMENDATION

It is respectfully recommended that the defendant be committed to the Department of Corrections.

WALTER D. MORSE
CHIEF PROBATION OFFICER

Report by _Dorothy Loyd_
Dorothy Loyd
Adult Probation Officer

APPROVED BY

Thomas Job
Supervising Probation Officer

I HAVE READ AND CONSIDERED THE FOREGOING REPORT.

JUDGE _____ SUPERIOR COURT, DEPARTMENT 21.

DL:jj

Dated: November 15, 1977

-10-