# EXHIBIT C

DEPARTMENT OF JUSTICE
BUREAU OF CRIMINAL IDENTIFICATION AND INVESTIGATION
P. O. BOX 1859, SACRAMENTO

The following CII record, NUMBER   . 1 306 964                    IS FOR OFFICIAL USE ONLY

21  M  11  U  000
L   6  U  OMI.  18                NEGRO  5-9  130  TEXAS  5-6-1942

                                  CHARLES WAYNE LEWIS

                                                    FBI# 572 081 D
                                                    SS#  560 60 2325
                                                    DL#  R 80 050

K

| ARRESTED OR RECEIVED | DEPARTMENT AND NUMBER | NAME | CHARGE | DISPOSITION |
|---|---|---|---|---|
| ALIAS: | CHARLES W. LEWIS; WAYNE LEWIS | | | |
| -9-58 | CALIFORNIA YOUTH AUTHORITY,33710 | CHARLES WAYNE LEWIS | SUB.M.BATT. | FROM ALAMEDA CO. JUV.CRT. 12-23-58,PAROLED |
| -27-59 | CALIFORNIA YOUTH AUTHORITY,33710 | CHARLES WAYNE LEWIS | PAROLE VIO. | 9-10-59,PAROLED 5-5-63,TENT.DISCH 5-9-63,DISCH. |
| -21-60 | PD OAKLAND,138795 | CHARLES WAYNE LEWIS | 415 PC WARR. | 8-2-60,30 DS.CO. JL.JS 1 YR. |
| -29-60 | SO OAKLAND, 60-5529 | CHARLES LEWIS | DP | |
| -9-60 | PD BERKELEY,17646 | CHARLES WAYNE LEWIS | 207,261 PC (KIDNAP & RAPE) | 10-3-61,6 MOS .CO. JL. |
| -9/60 | UNIV.OF CALIFORNIA POLICE,BERKELEY | CHARLES WAYNE LEWIS | #1,207 PC (KIDNAP) #2,261 PC (RAPE) | |
| 2-15-60 | SO OAKLAND, 60-1931 | CHARLES WAYNE LEWIS | KIDNAPPING RAPE 3 CTS. | |
| -20-63 | PD BERKELEY,17646 | CHARLES WAYNE LEWIS | 484 PC(PT) | 11-14-63,$110.OR 5 DS.CO.JL. |

CONT'D PAGE 2

ENTRIES INDICATED BY ASTERISK (*) ARE NOT VERIFIED BY FINGERPRINTS IN CII FILES.

STATE OF CALIFORNIA
DEPARTMENT OF JUSTICE

# BUREAU OF IDENTIFICATION
P. O. BOX 13417, SACRAMENTO

The following CII record, NUMBER    1 306 964       IS FOR OFFICIAL USE ONLY

PAGE 2

| ARRESTED OR RECEIVED | DEPARTMENT AND NUMBER | NAME | CHARGE | DISPOSITION |
|---|---|---|---|---|
| -14-63 | SO OAKLAND 639864 | CHARLES WAYNE LEWIS | PT | $110 @ $22 PER DAY |
| -6-63 | PD OAKLAND 138795 | CHARLES WAYNE LEWIS | WARR.594 PC MAL.MISCH. | 12-26-63,N/G |
| -31-65 | PD LOS ANGLES 777708-L/95443 | CHARLES WAYNE LEWIS | 187 PC MURDER | N/G |
| 3-66 | SO LOS ANGELES C-328148 | CHARLES WAYNE LEWIS | MURDER(ARR. BY PD LA) | |
| 13-66 | PD LOS ANGELES 777708-L/71062 | CHARLES WAYNE LEWIS | WARR.211 PC ROBB;CHGD: 487.2 PC | 10-25-66,1YR.JL. PROB.DENIED |
| 13-66 | SO LOS ANGELES C-328148/C-385484 | CHARLES WAYNE LEWIS | ROBB(ARR.BY PD LA) | |
| 2-66 | PD LOS ANGELES 777708-L/110949 | CHARLES WAYNE LEWIS | 211 PC,ROBB. | REL.TO FBI FOR PROS ON FED.BANK ROBB. |
| -9-66 | USM LOS ANGELES 089-21648 | CHARLES WAYNE LEWIS | ARMED BANK ROBBERY | 25YRS.SEC.4208B |
| 9-66 | SO LOS ANGELES C-328148/C-420747 | CHARLES WAYNE LEWIS | BANK ROBB. (ARR.BY USM) | |
| 1-8-66 | FCI LOMPOC B-734-LC | CHARLES WAYNE LEWIS | BANK ROBB.W/ DANG.WPN;T18 SEC.2113A(D) | 90DS.OBSERVATION |
| 1-8-66 | FCI LOMPOC 1094-135 | CHARLES WAYNE LEWIS | ARMED BANK ROBBERY | 15YRS.4208-A-2 |
| .10-67 | SO LOS ANGELES C-328148/C-494061 | CHARLES WAYNE LEWIS | FROM FCI LOMPOC FOR US DIST.CRT. | |
| -17-67 | FCI,LOMPOC 6743-LC | CHARLES WAYNE LEWIS | BANK ROBB.W/ DANG.WPN.T 18 SEC.2113A(D) | RETRN.FROM CRT.15YR. SENT. |
| -15-67 | SO LOS ANGELES C-328148/C-524918 | CHARLES WAYNE LEWIS | BANK ROBB. (ARR.BY USM) | |

CONTINUED PAGE 3

ENTRIES INDICATED BY ASTERISK (*) ARE NOT VERIFIED BY FINGERPRINTS IN CII FILES.

STATE OF CALIFORNIA
DEPARTMENT OF JUSTICE
BUREAU OF CRIMINAL IDENTIFICATION AND INVESTIGATION
P. O. BOX 1859, SACRAMENTO

he following CII record, NUMBER        1 306 964        **IS FOR OFFICIAL USE ONLY**

CHARLES WAYNE LEWIS

PAGE 3

| RRESTED OR RECEIVED | DEPARTMENT AND NUMBER | NAME | CHARGE | DISPOSITION |
|---|---|---|---|---|
| -25-67 | USP MARION, IL A-1094-MI | CHARLES WAYNE LEWIS | (2)BANK ROBB. | |
| ·16-70 | SO LOS ANGELES 1141856 | CHARLES WAYNE LEWIS | IN TRANSIT (USM ARR) | |
| -28-72 | PD OAKLAND 138795 | CHARLES WAYNE LEWIS | 11500 H&S, POSS NARC | 9-7-72,DISM.PR.MTN DA;J.CONV.11910H&S PG.6MOS PROB.6MOS CO.JL.CTS.C/C ANY |
| -6-72 | SO OAKLAND 72/2900 | CHARLES WAYNE LEWIS | 653F PC SOLICIT.TO COMMIT.FEL. | 8-7-72,J.PG.1YR CO JL 1DAY SUSP. |
| ·-7-72 | PD OAKLAND 138795 | CHARLES WAYNE LEWIS | 1.476APC 2.12020PC 3.496PC | ALL 3 CTS.DISM. MTN DA DUE TO INSUFF EVID |
| ·-7-72 | PD OAKLAND 138795 | CHARLES WAYNE LEWIS | 3CTS 496PC | DISM.484PC,475PC, 470PC.& 1PR |
| -8-73 | FCI,LOMPOC 1094-135 | CHARLES WAYNE LEWIS | ARMED BANK ROBB. | 10YRS.1MO.21DS. 12-17-73,PAROLED |
| 31-76 | ALAMEDA COCCIB 52397ACW493 | CHARLES WAYNE LEWIS | 211 PC 245a PC (BERKELEY PD ARR) | 8-3-76;CT.1,REL 849.5 PC, DET.ONLY |
| 0-22-76 | ALAMEDA CO CIB 66792ACW493 | CHARLES WAYNE LEWIS | WARR.88438B; 1)211 PC,FEL 2)245(A)PC,FEL (ARR.BY PD OAKLAND) | 10-22-76,REL.TO ALAMEDA CO.SO |
| 4-26-77 | PD SAN FRANCISCO 328602 | WAYNE LEWIS CHARLES | W#187863 ACT.1250F 187A PC MURDER | 11-15-77,#9522601,JD# 38100;187PC,1ST,FEL;CONV BY JURY;LIFE NO PAROLE ST PRIS; |
| -- | | CONTINUED PAGE 4 | | |

**ENTRIES INDICATED BY ASTERISK (*) ARE NOT VERIFIED BY FINGERPRINTS IN CII FILES.**

STATE OF CALIFORNIA
· DEPARTMENT OF JUSTICE
BUREAU OF IDENTIFICATION
· P.O. BOX 13417, SACRAMENTO

he following CII record, NUMBER          1 306 964          IS FOR OFFICIAL USE ONLY

PAGE 4

| RRESTED OR RECEIVED | DEPARTMENT AND NUMBER | NAME | CHARGE | DISPOSITION |
|---|---|---|---|---|
| 0-77 | CALIF. DEPT. OF DEPT. CORR., B-83314 | CHARLES W. LEWIS | CS.#63291 CT.1, ROBB. 1ST W/USE E.ARM. 211/12022.5PC | FROM: ALAMEDA CO. TERM: 5YRS.-LIFE & APO 5YRS-LIFE CS 7-13-77, OUT TO CRT. |
| -18-77 | CALIF.DEPT.CORR., B-83314 | CHARLES WAYNE LEWIS | CRT.RET.W/AC; CS.#952265 CT.1-MURDER 1ST.W/PFC- 187 PC; | FROM:S.F.CO. TERM:LIFE CC/W/CS.#63291 |

ENTRIES INDICATED BY ASTERISK (*) ARE NOT VERIFIED BY FINGERPRINTS IN CII FILES.

# EXHIBIT D

DEPARTMENT OF CORRECTIONS

## CHRONOLOGICAL HISTORY

CDC 112 (9-83)

| Date | Chronological Listings | Initials | Dead Time | Release Date |
|------|------------------------|----------|-----------|--------------|
| 8-11-05 | Inmate's request for postponement is granted. Tentative reschedule date is 3-2006. | DB | | |
| 10-11-05 | Pre-Board audit. | DB | | |
| 5-02-06 | BPH. Parole Denied One Year P/O 5/2007 Sub. Hg #16. Need New Psych Rept. | S | | |
| 2-14-07 | Pre-Board Audit | S | | |

| Number | Name | Page |
|--------|------|------|
| B83314 | Lewis, Charles | 1d |

STATE OF CALIFORNIA

**CHRONOLOGICAL HISTORY**

DEPARTMENT OF CORRECTIONS

CDC 112 (9-83)

| Date | Chronological Listings | Initials | Dead Time | Release Date |
|------|------------------------|----------|-----------|--------------|
| 5-2-97 | Pre-Board audit | DB | | |
| 7-30-97 | Parole denied one yr.; place on 7-98 Sub | DB | | |
| 4-3-98 | Pre-Board audit | DB | | |
| 6-4-98 | Pre-Board audit | DB | | |
| 8-20-98 | BPT Sub #12; Parole denied 1 year; place in 8-99 Sub #13 | DB | | |
| 4-16-99 | Pre-Board audit | DB | | |
| 1-27-2000 | Pre-Board audit Reviewed for compliance w/ PC 2960 | CM | | |
| 3-15-00 | BPT Parole denied 1 yr., place on 3-2001 Sub #14 Cal | DB | | |
| 7-9-01 | Pre-Board audit | DB | | |
| 10-17-01 | Parole granted - Not to be released until reviewed by the Governor | DB | OPP | 5-12-87 |
| 3-8-02 | PC 3041.2 Governor's review; Parole date reversed by Governor Gray Davis; place on 10-02 Sub #15 | DB | | |
| 7-8-02 | Pre-Board audit | DB | | |
| 10-11-02 | Pre-Board reaudit | DB | | |
| 4-15-03 | BPT Sub #15; Hrg. postponed per attorney request; awaiting appeal decision. Place on cal following | DB | | |
| 5-3-04 | Pre-Board audit | DB | | |
| 9-15-04 | Parole granted. BPT: 9-12-86. Do not release until Governor's Review | DB | | |
| 2-8-05 | After considering the same factors considered by the Board, the Governor has invoked his authority to reverse Board decision. DB | | | |

| Number | Name | Page |
|--------|------|------|
| R 83314 | Lewis, Charles | 1 C |

STATE OF CALIFORNIA

**CHRONOLOGICAL HISTORY**

DEPARTMENT OF CORRECTIONS
CDC 112 (9-83)

| Date | Chronological Listings | Initials | Dead Time | Release Date |
|------|------------------------|----------|-----------|--------------|
| 6-15-90 | Sub Hrg. Parole denied 2 years Place on 6/92 Sub cal. | GM | | |
| 8-9-90 | Transfer audit | VJ | | |
| 2-11-92 | TRANSFER AUDIT. | VJ | | |
| 3-23-92 | Rec'd CMC | SMW | | |
| 4-4-92 | Intake audit 3058.6 notice & 290.2 PC blood & saliva sample required | DB | | |
| 5-26-93 | Pre-Board review | DB | | |
| 7-1-93 | BPT Hearing. Parole denied, one year, place on, 6-94 Sub Cal. | DB | | |
| 6-28-94 | Extraordinary Action & Decision. Request for postponement is granted. Grant based on a finding of good cause. Place on next available calendar after completion of investigation. Good cause based on reasons given by the prisoner | DB DB | | |
| 7-6-94 | Rec'd notification that 7-93 Board Transcript is lost and can not be found | DB | | |
| 11-15-94 | Pre-Board audit. | DB | | |
| 2-21-95 | Extraordinary action & decision: Inmate request for postponement is granted based on a finding of good cause. Place on next available Cal. | DB | | |
| 5-5-95 | Pre Board Review | | | |
| 5-10-95 | Parole denied, one year, place on 5-96 Cal. | DB | | |
| 2-2-96 | Pre-Board audit | DB | | |
| 8-20-96 | Parole denied 1 yr; place on 8-97 Sub Cal. | DB | | |

| Number | Name | | Page |
|--------|------|--|------|
| B-83314 | LEWIS, C | SD | 1 h |

MENT OF CORRECTIONS                                                   STATE OF CALIFORNIA

## Cumulative Case Summary
## Chronological History

| Date | Chronological Listings | Initial | Time Lost | Time Restored | Release Date |
|---|---|---|---|---|---|
| 8-16-83 | Wanted by U.S.M | JL | | | |
| 6-29-83 | Initial Hrg Parole denied 2yrs. per 3041.5 (b)(2) P.C. Place on 6/85 Subs. Cal | acs | | | |
| 11-1-84 | Out to court alameda county | DC | | | |
| 12/3/84 | Returned from court | DC | | | |
| 6-25-85 | Sub. Hrg. Parole denied. Pl. on 6/86 Sub. Cal. Transfer to CMF for Cat. "T" | acs | | | |
| 9-16-85 | Transfer Audit | | | | |
| 9-19-85 | Rec'd @ CMF | mw | | | |
| 7/23/86 | Sub. Hrg. Parole denied 1 yr place on 7/87 Sub. Calendar | mec | | | |
| 7-16-87 | Sub Hrg'ing Parole denied 1 yr. Place on 7/88 Sub calendar | dp | | | |
| 1-11-88 | Transfer audit. | | | | |
| 1-12-88 | Rec'd San Quentin | | | | |
| 1-25-88 | Intake Audit | | | | |
| 7-15-88 | SUB HEARING PAROLE DENIED 1 YEAR PLACE ON 7/89 SUB CAL | | | | |
| 5-8-89 | Sub. Hrg Parole Denied 1 yr. Place on 5-90 Sub CAL. | | | | |

| NUMBER | NAME | INSTITUTION | PAGE |
|---|---|---|---|
| B 83314 | Lewis, Charles Wayne | S Q | 1a |

CDC-112 (1/77)

DEPARTMENT OF CORRECTIONS                                                    STATE OF CALIFORNIA

CUMULATIVE CASE SUMMARY
CHRONOLOGICAL HISTORY

| DATE | CHRONOLOGICAL LISTINGS | INITIAL | TIME LOST | TIME RESTORED | RELEASE DATE |
|------|------------------------|---------|-----------|---------------|--------------|
| 5/20/77 | REC'D NRC-CMF | | | | |
| 5/27/77 | wanted: U.S.D.J. Justice | | | | |
| | Reg # 1094-135, Parole hold | JR | | | |
| 6/1/77 | wanted: cty st warrant | | | | |
| | 192294 at A 10720 | JR | | | |
| 6-27-77 | Rec'd San Quentin from NRC-CMF | BW | | | |
| 7-18-77 | OTR San S.F. County (no # B 25047) | GB | | | |
| 7-27-77 | No concern WANTED - CDO S.F. | GB | | | |
| | # 192294 | | | | |
| 11-18-77 | Returned from Superior Court San Francisco | | | | |
| | Court - WNT | R. | | | |
| 10-24-78 | Wife recomm. Prg | | | | |
| | | | | | |
| | | | | | |
| | | | | | |
| | | | | | |
| | | | | | |
| | | | | | |
| | | | | | |
| | | | | | |
| | | | | | |
| | | | | | |
| | | | | | |
| | | | | | |
| | | | | | |
| | | | | | |
| | | | | | |
| | | | | | |
| | | | | | |
| B-83334 | LEWIS, Charles Wayne | REC'D NRC-CMF | | | |
| CDC MH | | | | | |

# EXHIBIT E



# OFFICE OF THE GOVERNOR

February 11, 2005

*Rec'd 2-15-05
K. Hayward art*

*Via Facsimile and U.S. Mail*

Mr. Charles Lewis, B-83314
*California Medical Facility*
U – 349 – S
Post Office Box 2500
Vacaville, California 95696

Dear Mr. Lewis:

Penal Code section 3041.2 authorizes the Governor to review parole decisions of the Board of Prison Terms (Board) concerning persons sentenced to an indeterminate term upon conviction of murder.

After considering the same factors considered by the Board, the Governor has invoked his authority to reverse the Board's decision to grant parole in your case. The Governor's statement of the reasons for his decision is attached.

A copy of this letter is being provided to you via facsimile, and the signed original (along with a statement of the reasons for his decision) is being sent by mail. Additionally, we are transmitting a copy of this letter and the attached decision to the Chairperson of the Board of Prison Terms.

Sincerely,

PAUL H. DOBSON
Chief Deputy Legal Affairs Secretary

Attachment

cc: Ms. Margarita Perez, Chairperson, Board of Prison Terms (w/attachment)

GOVERNOR ARNOLD SCHWARZENEGGER • SACRAMENTO, CALIFORNIA 95814 • (916) 445-2841

# INDETERMINATE SENTENCE PAROLE RELEASE REVIEW
(Penal Code Section 3041.2)

**CHARLES LEWIS, B-83314**
**FIRST-DEGREE MURDER**

NO ACTION:                        _____

MODIFY:                           _____

REVERSE:                          ____X_____

On September 23, 1976, Charles Lewis and two crime partners, Jeffrey Colbert and
Gary Hasznos, robbed a store in Hayward. As his partners waited outside, Mr. Lewis entered the
rear of the store and confronted the store owner. He struck the store owner with the gun he was
carrying, demanded money from him, and shot him in the shoulder. Before taking $1,000 dollars
from the store-owner's wallet, Mr. Lewis tied him up and covered him with a blanket.

Later, while at the home of Mr. Lewis's cousin, a fight broke out among the three partners
because Mr. Hasznos, who was given the $1,000 to hold onto after the robbery, told Mr. Lewis
and Mr. Colbert that he no longer had the money. Mr. Lewis and Mr. Colbert kicked and beat
Mr. Hasznos, and at some point he also was stabbed. Mr. Hasznos ultimately was rolled into a
rug and dumped in the parking lot of a baseball stadium. His dead, nude body was discovered
the next day.

Following his arrest, a jury found Mr. Lewis guilty of first-degree murder and he was sentenced
to serve an indeterminate life term in prison. In a separate proceeding, Mr. Lewis pled no contest
to first-degree robbery with a firearm for the crime he perpetrated against the store owner. For
this offense he received a concurrent sentence of five years to life.

When he murdered Mr. Hasznos, 34-year-old Mr. Lewis was no stranger to committing crimes
or perpetrating acts of violence. In fact, he was on federal parole at the time and had already
spent more than half of his life out of the criminal-justice system. He spent time in the
California Youth Authority following a battery adjudication as a juvenile, and he was convicted
and incarcerated on multiple occasions as an adult, including for disturbing the peace, petty theft,
solicitation to commit a felony, grand theft, armed robbery, and the kidnap and rape of a 17-year-
old girl. Although later acquitted, Mr. Lewis additionally was tried for murder after stabbing a
man at a party. Mr. Lewis's criminal history, his blatant and repeated disregard for the law and
for others, and his inability or unwillingness to conform his behavior is beyond significant and is
a factor weighing against his suitability for parole.

Since being imprisoned for Mr. Hasznos's murder, Mr. Lewis has been disciplined five times for
serious-rules violations involving fighting, disobeying orders, possessing U.S. currency,
possessing marijuana, and possessing alcohol. He also has been counseled four times for minor
misconduct. Nevertheless, he has managed to remain discipline-free since 1986 and has worked

Charles Lewis, B-83314
First-Degree Murder
Page 2

while in prison to enhance his ability to function within the law upon release. He earned an Associate's Degree, has worked toward achieving a Bachelor's Degree, and has availed himself of training in office services, computers, upholstery, and landscaping. Likewise, he has participated in an array of self-help and therapy, including Meditation and Stress Reduction Group, Breaking Barriers, Victims/Offenders Learning Together, Adult Children of Alcoholics, Category T, Alcoholics Anonymous, Narcotics Anonymous, A Framework for Recovery, and Long Term Commitment Group. He has also volunteered to help terminally-ill inmates, and he has taken Braille classes and been involved in the Education Disabled Placement Program. Additionally, he has received favorable reports from institutional staff and mental-health evaluators, which include low risk assessments. These are all factors supportive of Mr. Lewis's release from prison to parole.

Moreover, Mr. Lewis has made some realistic plans for parole that include living with a friend or at a transitional-living center, and maybe even finishing college. Despite his marketable skills and previous job opportunities, however, he currently has no employment prospects. I do recognize that Mr. Lewis is 62 years old now and has some visual impairments, and that he may at some point be eligible to collect his deceased wife's Social Security benefits. Nonetheless, while his plans are not a factor tipping the scales either in favor of or against his parole suitability at this time, it is critical to his success that he have a legitimate way to provide financially for himself immediately upon release, particularly given his history of committing crimes for financial gain.

Mr. Lewis claims to accept complete responsibility for Mr. Hasznos's murder and have remorse for the crime. Mr. Lewis admitted at his 2001 parole hearing to kicking and beating Mr. Hasznos. His claim over the years has been that the fight ultimately moved from indoors to outdoors, and once outdoors, Mr. Colbert alone beat and at some point stabbed Mr. Hasznos. He told the 2001 Board that he was inside during this time and by the time he went outside, Mr. Hasznos appeared dead. He admitted to assisting in disposing of Mr. Hasznos's body by helping to find a rug and wrapping him in it but denied transporting and dumping the corpse. Although I will never know with 100% certainty what exactly happened the night Mr. Hasznos was murdered, even if Mr. Lewis's version of limited involvement is believed, he participated in a particularly cruel and senseless attack while on federal parole and after having spent time in jail and on probation for committing other violent crimes.

And there is some evidence in the record before me that Mr. Lewis was a major participant in the killing. According to the sworn "Complaint" (affidavit) filed by the investigating inspector of the San Francisco Police Department, Mr. Colbert claimed to have watched Mr. Lewis beat, kick, and stab the victim. In the same document, Mr. Colbert said that Mr. Lewis later described "finishing off" Mr. Hasznos by hitting him in the head with a rock. A jury found Mr. Lewis guilty of first-degree murder—a crime requiring a willful, deliberate, and premeditated killing. Mr. Colbert was convicted for being an accessory to Mr. Hasznos's murder, not for committing it.

Charles Lewis, B-83314
First-Degree Murder
Page 3

Mr. Lewis has been in prison a long time, more than 27 years now, and he has made creditable gains. Indeed his likelihood for recidivism is probably reduced. But after carefully considering the very same factors that the Board must consider, I find the nature and magnitude of the murder committed by Mr. Lewis and his significant criminal history presently outweigh the positive factors tending to support his parole. Accordingly, because I believe his release from prison would pose an unreasonable risk of danger to society at this time, I REVERSE the Board of Prison Terms' 2004 decision to grant parole to Mr. Lewis.

Decision Date: 2/8/05

ARNOLD SCHWARZENEGGER
Governor, State of California

Ex. F

## DECLARATION OF CHARLES W. LEWIS

I, Charles W. Lewis, declare:

1. I am the petitioner in Lewis v. Schwarzenegger and Hubbard, a petition for writ of habeas corpus submitted for filing in the United States District Court for the Northern District of California (to which petition this declaration is attached as Exhibit F).

2. I am a state prisoner, presently confined at the California Medical Facility.

3. I have been continuously incarcerated since 1977, following conviction for the murder of Gary Hasznos., a former crime partner.

4. Prior to my present incarceration, I had spent a total of less than eight years in custody.

5. As a juvenile (in 1960), I was charged with the kidnapping and statutory rape of a teenaged girl. The kidnapping charge was later dropped and I ended up serving six (6) months in county jail for the charge of statutory rape. I have never been convicted of kidnapping.

6. To the best of my knowledge, the record before the parole board in my case has never included an affidavit filed by an inspector of the San Francisco Police Department regarding my participation in the murder for which I am now incarcerated.

7. I am now 64 years old and legally blind.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed at the California Medical Facility in Vacaville, California, this 17th day of March 2007.

_Charles H. Lewis_
Declarant's Signature

Ex. G

# EXHIBIT F

SUPERIOR COURT OF THE STATE OF CALIFORNIA ~~ENDORSED~~
FOR THE CITY AND COUNTY OF SAN FRANCISCO ~~FILED~~
San Francisco County Superior Court

Department No. 22

OCT 12, 2005

GORDON PARK-LI, Clerk
BY: _____
Deputy Clerk

IN THE MATTER OF THE APPLICATION )
OF )
)
)                    WRIT NO. 5178
)
CHARLES W. LEWIS )                   ORDER
)
Petitioner, )
)
FOR A WRIT OF HABEAS CORPUS )
)

THE ANNEXED INSTRUMENT IS A
CORRECT COPY OF THE ORIGINAL
ON FILE IN MY OFFICE.
ATTEST: CERTIFIED

OCT 12, 2005

GORDON PARK-LI, Clerk
Superior Court of California, County of San Francisco
BY _____
DEPUTY CLERK

A Petition for Writ of Habeas Corpus has been received.

Since 1977, Petitioner has been serving concurrent sentences of five and seven years to life for first-degree robbery with a firearm and first-degree murder. Petitioner is currently serving his sentence at the California Medical Facility in Vacaville, CA.

In September 2004, the Board of Prison Terms ["Board"] found Petitioner suitable for parole. Governor Arnold Schwarzenegger reversed the Board's decision in February 2005. In support of his reversal, the Governor contends that the gravity of Petitioner's commitment offense and significant criminal history weigh against granting parole.

Petitioner contends that the Governor's reversal of the Board's decision violated his right to due process and was not supported by the record. Specifically, he claims that the following factual errors in his record resulted in his parole reversal: 1) he was never convicted of kidnapping; 2) prior to his conviction at age 34 he spent only 8 years in prison; 3) he had a verifiable offer of employment upon release. Of these claims, only the prospect of future employment is corroborated by supporting documentation.

I.   THE GOVERNOR'S POWER OF REVIEW

The Governor may review Board decisions granting parole and can affirm, modify, or reverse them. Cal. Const. Art. V § 8(b); PC § 3041.2(a). The Governor must base his decision on the same factors that the Board is required to consider. Cal. Const. Art. V

1

§ 8(b).  These factors are enumerated in California Code of
Regulations, Title 15, Section 2402.[1]

The factors showing parole unsuitability are that the inmate:
1) committed the offense in an especially heinous, atrocious, or
cruel manner,[2] 2) possesses a previous record of violence, 3) has an
unstable social history, 4) previously has sexually assaulted
another individual in a sadistic manner, 5) has a lengthy history of
severe mental problems related to the offense, and 6) has engaged in
serious misconduct while in prison. PC § 2402(c).

The factors showing parole suitability are that the inmate: 1)
does not possess a record of violent crime, 2) has a stable social
history, 3) has shown signs of remorse, 4) committed the crime as
the result of significant stress in his life, 5) lacks any
significant history of violent crime, 6) is of an age that reduces
the probability of recidivism, 7) has made realistic plans for
release or has developed marketable skills that can be put to use
upon release, and 8) has engaged in institutional activities that
indicate an enhanced ability to function within the law upon
release. PC § 2402(d).

Although the Governor must base his decision on the factors
enumerated in section 2402, he independently reviews the evidence
and may give it different weight and resolve any conflicts. In re
Rosenkrantz (2002) 29 Cal.4th 616, 677.

Accordingly, due process of law requires only that some
evidence relevant to the enumerated factors support the Governor's
decision. (Rosenkrantz, supra, 29 Cal.4th at 676-77.)  If so, it is
irrelevant that a court might reach a different conclusion on the
evidence. (Id. at 677.)

## II.  PETITIONER'S HISTORY

In 1978, Petitioner, aged 34, and two partners, participated in
the robbery of a store.  As his partners waited outside, Mr. Lewis
entered the rear of the store and confronted the owner. He struck
the store owner with the gun he was carrying, demanded money, and
shot him in the shoulder. After he shot the store owner, Mr. Lewis
tied him up, covered him with a blanket, and took $1,000 dollars
from his wallet.

---

[1] Unless otherwise indicated, all further statutory references are to Title 15 of
the California Code of Regulations.
[2] This might include circumstances where: 1) multiple victims were attacked in the
same or separate incidents, 2) the offense was carried out in a dispassionate and
calculated manner; 3) the victim was abused, defiled, or mutilated; 4) the inmate
demonstrated an exceptionally callous disregard for human suffering; and 5) the
motive is inexplicable or very trivial in relation to the offense. (§2402(c)(1).)

After the robbery, Mr. Lewis and his partner Mr. Colbert learned that their third partner, Mr. Hasznos, no longer had the loot. A fight broke out during which Mr. Lewis and Mr. Colbert kicked, beat and stabbed Mr. Hasznos. He then helped his accomplice bundle Mr. Hasznos' nude corpse into a rug. It was dumped in the parking lot of a baseball stadium, where it was discovered the next day.

Petitioner has an extensive criminal history. Petitioner was sent to the California Youth Authority for battery. He was convicted and incarcerated on numerous occasions as an adult, including disturbing the peace, petty theft, solicitation to commit a felony, grand theft, armed robbery and statutory rape of a seventeen year-old girl. Mr. Lewis was on federal parole when he killed Mr. Hasznos.

During incarceration, Petitioner was disciplined five times for serious rules violations - including fighting, possession of marijuana and alcohol.

After time, Petitioner's behavior in prison improved. He earned an A.A. degree and worked toward a Bachelor's Degree. He has taken vocational classes. He has also participated in many therapy groups and religious activities. Prison staff have commended his behavior. Petitioner has realistic parole plans and has received favorable mental health evaluations.

## III. SOME EVIDENCE EXISTS TO SUPPORT THE GOVERNOR'S REVERSAL

Due process of law requires only that some evidence relevant to the enumerated factors support the Governor's decision. Rosenkrantz, supra, 29 Cal.4th at 676-77. If so, it is irrelevant that a court might reach a different conclusion on the evidence. Id. at 677.

First, this court finds that some evidence supports the Governor's conclusion that the gravity of the commitment crime weighs against a finding that Petitioner is suitable for parole, an offense which, the Governor stated is sufficient basis to conclude that his release from prison would pose an unreasonable risk of danger to society at this time.

An inmate may be found unsuitable for parole if the crime was committed in a heinous, atrocious, or cruel manner. PC § 2402(c)(1). This might include circumstances where the offense was carried out in a dispassionate and calculated manner or the motive is inexplicable or very trivial in relation to the offense. PC § 2402(c)(1).

Petitioner's own admission that in conjunction with an accomplice, he kicked and beat Mr. Hasznos to death provided the Governor with some evidence that the offense was carried out in a dispassionate and calculated manner.   The participation in the "cruel and senseless attack" over stolen money that resulted in Hasznos' death provided the Governor with some evidence to support a belief that the motive was very trivial in relation to the offense. On this point, the Governor's determination was a reasonable exercise of discretion supported by some evidence.

Further, the Governor found that Petitioner's significant criminal history weighed heavily against his parole. In fact, Petitioner was on federal parole for another crime at the time of the murder.

The court cannot say that the Governor erred in reversing the decision of the Board.

For the foregoing reasons, Petitioner's writ of habeas corpus is DENIED.

_Oct 8, 2005_
Date

_Mare C Whou_
Judge of the Superior Court

Name     Charles W. Lewis

Address   California Medical Facility

        P. O. Box 2500, U-349-S

        Vacaville, CA 95696-2500

CDC or ID Number     B-83314

**FILED**

San Francisco County Superior Court

AUG 2 9 2005

_____ , Clerk

CB —

---

SUPERIOR COURT OF CALIFORNIA

COUNTY OF SAN FRANCISCO

*(Court)*

---

| | |
|---|---|
| Charles W. Lewis<br>Petitioner<br>vs.<br>Arnold Schwarzenegger, Governor, and<br>Respondent's    T. Schwartz, Warden. | **PETITION FOR WRIT OF HABEAS CORPUS**<br><br>No. _5 1 7 8_<br>*(To be supplied by the Clerk of the Court)* |

## INSTRUCTIONS — READ CAREFULLY

- **If you are challenging an order of commitment or a criminal conviction and are filing this petition in the Superior Court, you should file it in the county that made the order.**

- **If you are challenging the conditions of your confinement and are filing this petition in the Superior Court, you should file it in the county in which you are confined.**

- Read the entire form *before* answering any questions.

- This petition must be clearly handwritten in ink or typed. You should exercise care to make sure all answers are true and correct. Because the petition includes a verification, the making of a statement that you know is false may result in a conviction for perjury.

- Answer all applicable questions in the proper spaces. If you need additional space, add an extra page and indicate that your answer is "continued on additional page."

- If you are filing this petition in the Superior Court, you need file only the original unless local rules require additional copies. Many courts require more copies.

- If you are filing this petition in the Court of Appeal, file the original and four copies.

- If you are filing this petition in the California Supreme Court, file the original and thirteen copies.

- Notify the Clerk of the Court in writing if you change your address after filing your petition.

- In most cases, the law requires service of a copy of the petition on the district attorney, city attorney, or city prosecutor. See Penal Code section 1475 and Government Code section 72193. You may serve the copy by mail.

Approved by the Judicial Council of California for use under Rules 56.5 and 201(h)(1) of the California Rules of Court [as amended effective January 1, 1999]. Subsequent amendments to Rule 44(b) may change the number of copies to be furnished the Supreme Court and Court of Appeal.

Page one of six

**This petition concerns:**

| | | | |
|---|---|---|---|
| [ ] A conviction | | [ ] Parole | |
| [ ] A sentence | | [ ] Credits | |
| [ ] Jail or prison conditions | | [ ] Prison discipline | |
| [X] Other *(specify):* | gubernatorial reversal of Board finding of suitability | | |

1. Your name: **Charles W. Lewis**

2. Where are you incarcerated? **California Medical Facility, Vacaville, California**

3. Why are you in custody? [X] Criminal Conviction   [ ] Civil Commitment

*Answer subdivisions a. through i. to the best of your ability.*

   a. State reason for civil commitment or, if criminal conviction, state nature of offense and enhancements (for example, "robbery with use of a deadly weapon").

      **1st degree murder**

      **1st degree robbery with firearm**

   b. Penal or other code sections: **PC § 187**

   c. Name and location of sentencing or committing court: **San Francisco County Superior Court**

   d. Case number: **95226**

   e. Date convicted or committed: **11/18/77**

   f. Date sentenced:

   g. Length of sentence: **7 to life**

   h. When do you expect to be released? **upon finding of parole suitability**

   i. Were you represented by counsel in the trial court? [X] Yes.   [ ] No.   If yes, state the attorney's name and address:

      **P. Meeks, Public Defender**

4. What was the LAST plea you entered? *(check one)*

   [X] Not guilty   [ ] Guilty   [ ] Nolo Contendere   [ ] Other:

5. If you pleaded not guilty, what kind of trial did you have?

   [X] Jury   [ ] Judge without a jury   [ ] Submitted on transcript   [ ] Awaiting trial

6.  GROUNDS FOR RELIEF

**Ground 1:** State briefly the ground on which you base your claim for relief. For example, "the trial court imposed an illegal enhancement." *(If you have additional grounds for relief, use a separate page for each ground. State ground 2 on page four. For additional grounds, make copies of page four and number the additional grounds in order.)*

The Governor's reversal of the Board's grant of parole violates petitioner's

"right to have his term fixed at a number of years that is proportionate to his offense"

a.  Supporting facts:

Tell your story briefly without citing cases or law. If you are challenging the legality of your conviction, describe the facts upon which your conviction is based. *If necessary, attach additional pages.* CAUTION: You must state facts, not conclusions. For example, if you are claiming incompetence of counsel you must state facts specifically setting forth what your attorney did or failed to do and how that affected your trial. Failure to allege sufficient facts will result in the denial of your petition. (See *In re Swain* (1949) 34 Cal.2d 300, 304.) A rule of thumb to follow is: who did exactly what to violate your rights at what time *(when)* or place *(where)*. (If available, attach declarations, relevant records, transcripts, or other documents supporting your claim.)

See attached.

b.  Supporting cases, rules, or other authority (optional):

*(Briefly discuss, or list by name and citation, the cases or other authorities that you think are relevant to your claim. If necessary, attach an extra page.)*

In re Rodriguez (1975) 14 Cal.3d 639

People v. Wingo (1975) 14 Cal.3d 169

7. **Ground 2** or **Ground** _____ (*if applicable*):

The Governor's decision to reverse the Board's finding of parole suitability

was based upon improper and unreliable evidence, in violation of petitioner's

right to due process.

a. Supporting facts:

See attached.

b. Supporting cases, rules, or other authority:

See attached.

8. Did you appeal from the conviction, sentence, or commitment?  ☒ Yes.  ☐ No.  If yes, give the following information:
   a. Name of court ("Court of Appeal" or "Appellate Dept. of Superior Court"):

   Court of Appeal

   b. Result: __conviction affirmed__     c. Date of decision: ___?___

   d. Case number or citation of opinion, if known: ___?___

   e. Issues raised: (1) ___?___

   (2) _____

   (3) _____

   f. Were you represented by counsel on appeal?  ☒ Yes.  ☐ No.  If yes, state the attorney's name and address, if known:

   P. Meeks, Public Defender

9. Did you seek review in the California Supreme Court?  ☐ Yes.  ☒ No.   If yes, give the following information:

   a. Result: _____     b. Date of decision: _____

   c. Case number or citation of opinion, if known: _____

   d. Issues raised: (1) _____

   (2) _____

   (3) _____

10. If your petition makes a claim regarding your conviction, sentence, or commitment that you or your attorney did not make on appeal, explain why the claim was not made on appeal:

    N/A

11. Administrative Review:
    a. If your petition concerns conditions of confinement or other claims for which there are administrative remedies, failure to exhaust administrative remedies may result in the denial of your petition, even if it is otherwise meritorious. (See *In re Muszalski* (1975) 52 Cal.App.3d 500 [125 Cal.Rptr. 286].) Explain what administrative review you sought or explain why you did not seek such review:

    There are no available administrative remedies.

    _____

    _____

    _____

    _____

    _____

    b. Did you seek the highest level of administrative review available?  ☒ Yes.  ☐ No.
    *Attach documents that show you have exhausted your administrative remedies.*

12. Other than direct appeal, have you filed any other petitions, applications, or motions with respect to this conviction, commitment, or **issue** in any court? ☐ Yes. If yes, continue with number 13. ☒ No. If no, skip to number 15.

13. a. (1) Name of court: _____

   (2) Nature of proceeding (for example, "habeas corpus petition"): _____

   (3) Issues raised: (a) _____

      (b) _____

   (4) Result (Attach order or explain why unavailable): _____

   (5) Date of decision: _____

  b. (1) Name of court: _____

   (2) Nature of proceeding: _____

   (3) Issues raised: (a) _____

      (b) _____

   (4) Result (Attach order or explain why unavailable): _____

   (5) Date of decision: _____

  c. For additional prior petitions, applications, or motions, provide the same information on a separate page.

14. If any of the courts listed in number 13 held a hearing, state name of court, date of hearing, nature of hearing, and result:

_____

_____

15. Explain any delay in the discovery of the claimed grounds for relief and in raising the claims in this petition. (See In re Swain (1949) 34 Cal.2d 300, 304.)
   There has been no delay.  In any event, petitioner is ignorant of the law,
   legally blind, and has extremely limited access to the prison law library.

16. Are you presently represented by counsel? ☐ Yes. ☒ No. If yes, state the attorney's name and address, if known:

_____

17. Do you have any petition, appeal, or other matter pending in any court? ☒ Yes. ☐ No. If yes, explain:

   Lewis v. Perez, 42 U.S.C § 1983 action pending in the U.S.D.C., E.D. Cal.

18. If this petition might lawfully have been made to a lower court, state the circumstances justifying an application to this court:

   N/A

I, the undersigned, say: I am the petitioner in this action. I declare under penalty of perjury under the laws of the State of California that the foregoing allegations and statements are true and correct, except as to matters that are stated on my information and belief, and as to those matters, I believe them to be true.

Date: 8-13-05

▶ _Charles H. Lewis_
(SIGNATURE OF PETITIONER)

Charles W. Lewis
B-83314
California Medical Facility
P. O. Box 2500, U-349
Vacaville, CA 95696-2500

Petitioner, pro se

## CALIFORNIA SUPERIOR COURT

### COUNTY OF SAN FRANCISCO

| | |
|---|---|
| CHARLES W. LEWIS,      ) | Case No. _____ |
|          ) | |
|     Petitioner,    ) | PETITION FOR WRIT OF HABEAS |
|          ) | CORPUS WITH MEMORANDUM OF |
|     v.         ) | POINTS AND AUTHORITIES IN |
|          ) | SUPPORT THEREOF |
| ARNOLD SCHWARZENEGGER,   ) | |
| Governor of California, and ) | |
| T. SCHWARTZ, Warden,    ) | |
|          ) | |
| _____Respondents._____ ) | |

I.

## INTRODUCTION

1.  Petitioner, a state prisoner proceeding pro se, herein challenges the February 8, 2005, decision of the Governor to reverse the parole board's finding that petitioner, having been incarcerated now for nearly three decades on a sentence of seven years to life in prison, is in fact suitable for release on parole.

II.

## PARTIES

2.  Petitioner is a state prisoner, here proceeding pro se, who was received on November 18, 1977, by the California Department of Corrections ("CDC"), now the Department of Corrections and Rehabilitation, to serve concurrent sentences of five and seven years to life in prison following convictions of

1

first degree robbery and first degree murder in Alameda County and San Francisco County, respectively.

3. Respondent Schwarzenegger is Governor of the State of California. Under the California Constitution and by statute, he is empowered to review any decision of the parole authority granting or denying parole to a person sentenced to an indeterminate prison term based upon a conviction of murder.

4. Respondent Schwartz is Warden of the California Medical Facility, where petitioner is currently housed.

### III.

### FACTUAL ALLEGATIONS

5. Petitioner was convicted of first degree murder in the death of a crime partner, Gary Hasnos. Mr. Hasnos, along with petitioner and another crime partner, Jeffrey Colbert, had committed a robbery a couple of days earlier. Mr. Colbert was an accomplice in the murder of Mr. Hasnos. He was originally charged as a co-defendant in the case, but in the end testified against petitioner in exchange for a reduced sentence.

6. Petitioner was sentenced to concurrent terms of five and seven years to life in prison. He has been eligible for parole since July 12, 1984.

7. Petitioner was denied parole at some 15 hearings before finally being found suitable for parole by the Board of Prison Terms ("Board") in 2001. (Effective July 1, 2005, the Board was renamed the Board of Parole Hearings.)

8. The 2001 decision of the Board was reversed by Governor Davis in March 2002.

2

9.   Petitioner was again found suitable by the Board (at his next parole consideration hearing) on September 14, 2004.   Ex. A.

10.  The 2004 decision of the Board was reversed by Governor Schwarzenegger in February 2005.   Ex. B.

11.  As a juvenile (in 1960), petitioner was charged with the kidnapping and statutory rape of a teenaged girl.   The kidnapping charge was later dropped and petitioner served 6 months in county jail for the charge of statutory rape.   Petitioner has never been convicted of kidnapping.

12.  Prior to the present offense (when petitioner was 34 years old), petitioner had spent less than eight years of his life in custody.

## IV.

## CONTENTIONS

### A.

THE GOVERNOR'S REVERSAL OF THE BOARD'S GRANT OF PAROLE VIOLATES PETITIONER'S "RIGHT TO HAVE HIS TERM FIXED AT A NUMBER OF YEARS THAT IS PROPORTIONATE TO HIS OFFENSE"

### B.

THE GOVERNOR'S DECISION TO REVERSE THE BOARD'S FINDING OF PAROLE SUITABILITY WAS BASED UPON IMPROPER AND UNRELIABLE EVIDENCE, IN VIOLATION OF PETITIONER'S RIGHT TO DUE PROCESS

## V.

## REQUEST FOR RELIEF

Petitioner is without remedy save for habeas corpus.

WHEREFORE, good cause appearing, he requests that the court:

1. Issue the writ of habeas corpus;

2. Issue an order to show cause;

3

3. Appoint counsel to represent petitioner's interests* and grant appointed counsel leave to amend and/or supplement this petition to add additional claims;

4. Hold an evidentiary hearing and/or conduct discovery to resolve any disputed issues of fact; and

5. Grant any and all additional relief that the Court may deem necessary and appropriate in the interests of justice.

Dated: 8-13-05

Respectfully submitted,

*Charles W. Lewis*

Charles W. Lewis
Petitioner, pro se

---

*Petitioner "desires but cannot afford counsel." See California Rules of Court, Rule 4.551, subd. (c)(2).

4

## VERIFICATION

I, the undersigned, say: I am the petitioner in this action. I declare under penalty of perjury under the laws of the State of California that the foregoing allegations and statements are true and correct, except as to matters that are stated on my information and belief, and as to those matters, I believe them to be true.

Dated: 8-13-05          _Charles W. Lewis_
                        Charles W. Lewis

MEMORANDUM OF POINTS AND AUTHORITIES
IN SUPPORT OF PETITION FOR WRIT OF HABEAS CORPUS

I.

THE GOVERNOR'S REVERSAL OF THE BOARD'S GRANT OF PAROLE
VIOLATES PETITIONER'S "RIGHT TO HAVE HIS TERM FIXED AT A
NUMBER OF YEARS THAT IS PROPORTIONATE TO HIS OFFENSE"

A year before petitioner committed his offense,[1] the
California Supreme Court flatly rejected "the express declaration
of the Authority [the predecessor of the Board of Parole
Hearings] that in term setting its function is 'to make the
punishment fit the criminal rather than the crime.'"  In re
Rodriguez (1975) 14 Cal.3d 639, 650 (citation omitted).  The
Court held that such a policy was contrary to the "constitutional
command" that "punishment be proportionate to the offense," id.
"The Indeterminate Sentence Law is not now being administered in
a manner which offers assurance that persons subject thereto will
have their terms fixed at a number of years proportionate to
their individual culpability, or, that their terms will be fixed
with sufficient promptness to permit any requested review of
their proportionality to be accomplished before the affected
individuals have been imprisoned beyond the constitutionally
permitted term."  Id. (citing People v. Wingo (1975) 14 Cal.3d
169).  "A failure to fix [a parole applicant's] term may be just
as violative of a defendant's right as an actual excessive
term...."  Wingo, supra, 14 Cal.3d at 182.

---

[1] It is important to keep in mind that petitioner committed his
offense in 1976 when the state's parole system was governed by the
Indeterminate Sentence Law, as interpreted by a substantial body of
case law.  Petitioner will cite primarily to that case law here,
since it is certainly true that he cannot be denied the benefit of
the laws *actually in effect at the time of his offense,* as those
laws were *contemporaneously interpreted* by California courts.

Here, the Board found petitioner suitable for parole and assessed the term for his offense at 156 months (i.e., 13 years) pursuant to Cal. Code Regs., tit. 15, § 2282(b), finding that the middle term of Category I-C was appropriate. See transcript of 9/15/04 hearing, p. 66: 7-18. The panel added 36 months for a prior prison term and six months for a prior felony conviction, bringing the total term to 198 months (i.e., 16½ years). See id., p. 67: 5-8. The Board's decision became final on January 13, 2005 (see id., p. 69: 24) -- at which time petitioner had already been in prison over 27 years,[2] i.e., 10½ years longer[3] than the total term established by the Board.[4]

Since petitioner has "a right to have his term fixed at a number of years that is proportionate to his offense" (Rodriguez, supra, 14 Cal.3d at 652) and, moreover, since petitioner has already served more than a decade past that "proportionate" term, as determined by the Board's own regulations, the Governor "abused [his] discretion" (Rodriguez, supra, 14 Cal.3d at 651) in reversing the Board's grant of parole here. (Clearly, the Governor is bound by the "constitutional command" that "punishment be proportionate to the offense," Rodriguez, supra, 14 Cal.3d at 650, no less than the Board.)

[2] See id., p. 1: 8-9 (noting that petitioner "was received in CDC on November 18th, 1977").

[3] This does not take into account the fact that the Board granted petitioner 88 months of post-conviction credit for having been disciplinary-free for 22 years, reducing his total term by 88 months (to just 110 months). See id., p. 67: 8-13.

[4] More precisely, petitioner had been in prison for 326 months by the time the Board's decision establishing his total term at 198 months was final (in January 2005). Thus, petitioner was then already overdue for release by 128 months (i.e., 326 - 198), not taking into account the grant of post-conviction credits!!

7

II.

THE GOVERNOR'S DECISION TO REVERSE THE BOARD'S FINDING OF
PAROLE SUITABILITY WAS BASED UPON IMPROPER AND UNRELIABLE
EVIDENCE, IN VIOLATION OF PETITIONER'S RIGHT TO DUE PROCESS

The Governor's decision to reverse the Board's finding of

parole suitability impermissibly considered the fact that

"[a]lthough later acquitted," petitioner had been "additionally

tried for murder after stabbing a man at a party." Ex. B, p. 1.

The Penal Code expressly limits the parole authority to considering

only "the timing and gravity of current or past <u>convicted</u> offense

or offenses."  Pen. Code, § 3041(b) (emphasis added).  Similarly,

the Board's regulations provide that "Criminal charges not

resulting in conviction (charges which resulted in acquittal or

dismissal for any reason) shall not affect the parole date...."

Cal.Code Regs., tit. 15, § 2326(a).  Indeed, only "[c]riminal

charges *resulting in conviction* ... may be considered as part of

the individual's criminal history...." <u>Id</u>., § 2326(b) (emphasis

added).  Thus, there was no permissible basis for the Governor to

consider the fact of petitioner's acquittal here.

For identical reasons, it was inappropriate for the Governor

to make mention of a "kidnap" (Ex. B, p. 1) of which petitioner was

never convicted.  (The Governor asserts that petitioner was

convicted of "the kidnap and rape of a 17-year-old girl." <u>Id</u>.  In

point of fact, petitioner was convicted only of *statutory* rape, a

crime for which he served six months in county jail. <u>See</u> Factual

Allegations, <u>ante</u>, ¶11.)

The Governor incorrectly asserts that petitioner, at the time

of his arrest for the murder here, "had already spent more than

8

half of his life in and out of the criminal-justice system."
Ex. B, p. 2.  In point of fact, prior to this offense, petitioner
had spent less than eight of his (then) 34 years of life in
custody.  See Factual Allegations, ante, ¶12.  (Petitioner is now
63 years old.)

The Governor bases his account of the murder on the testimony
of Mr. Colbert, a co-defendant and accomplice to the crime.  (See
Factual Allegations, ante, ¶5.)  It is well-established that the
testimony of an accomplice is "inherently untrustworthy because he
or she usually testifies in the hope of favor or the expectation of
immunity.  In addition, an accomplice may try to shift blame to the
defendant in an effort to minimize his or her own culpability."
People v. Tobias, 25 Cal.4th 327, 331 (2001) (citations and
internal quotation marks omitted).  Indeed, Mr. Colbert had every
incentive here to fasion his testimony in order to minimize his own
culpability.  (See Pen. Code, § 1111 (defining an accomplice as
"one who is liable to prosecution for the identical offense charged
against the defendant on trial in the cause in which the testimony
of the accomplice is given") (emphasis added).)  Thus, the
testimony of an accomplice requires corroboration (Pen. Code,
§ 1111; CALJIC Nos. 3.11, 3.12, and 3.13) and, absent adequate
corroboration, such testimony is "inherently untrustworthy"
(Tobias, supra, 25 Cal.4th at 331) and therefore unreliable.  (See
In re Scott, 119 Cal.App.4th 871 (2004), 2004 DJDAR 7512, 7516
(filed June 22, 2004) (requiring information considered by parole
authority to be "reliable") (citing Cal.Code Regs., tit. 15,
§ 2402(b)) and id., 2004 DJDAR at 7519 (requiring "reliable factual

9

underpinning").)  Because the testimony of accomplice Colbert was never corroborated, it remains unreliable.

Finally, the Governor asserted (incorrectly) that petitioner "currently has no employment prospects."  Ex. B, p. 2.  Yet the Governor had in his possession a letter dated November 19, 2004, from Karen Shain, Administrative Director of Prisoners with Children (Ex. C), an organization in San Francisco.  In her letter to the Governor, Ms. Shain indicated that "[u]pon [petitioner's] release, my office is prepared to offer him a job and we truly hope that he will accept."  Ms. Shain added, "I know that Mr. Lewis will be a terrific asset to our work."

Because the Governor relied on impermissible factors, unreliable evidence and incorrect information, his decision to reverse the Board's finding of suitability here must be reversed.

CONCLUSION

Petitioner's continued incarceration, more than a decade past the term set by the Board for his offense, infringes upon petitioner's "right to have his term fixed at a number of years that is proportionate to his offense."  Rodriguez, supra, 14 Cal.3d at 652.

Moreover, because the Governor relied on impermissible factors, unreliable evidence and incorrect information, his decision to reverse the Board's finding of parole suitability here must be reversed.

/////

10

WHEREFORE, good cause appearing, petitioner prays this Court will grant the petition for writ of habeas corpus or, in the alternative, issue an order to show cause and order an evidentiary hearing or conduct discovery, as well as order any other relief it may deem necessary and appropriate in the interests of justice.

Dated: _8-13-05_

Respectfully submitted,

_Charles W. Lewis_

Charles W. Lewis
Petitioner, pro se

11