IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHARLES LEWIS, | No. C 07-2465 CW (PR) |
|     Petitioner, | ORDER GRANTING A STAY PENDING ISSUANCE OF THE MANDATE IN <u>HAYWARD v. MARSHALL</u> |
|   v. | |
| BEN CURRY, Warden, | (Docket no. 12) |
|     Respondent. / | |

    On May 8, 2007, Petitioner Charles Lewis, a state prisoner incarcerated at the California Medical Facility, filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 based upon Governor Arnold Schwarzenegger's reversal of the decision of the Board of Parole Hearings (Board) that Petitioner was suitable for parole. The Court issued an order to show cause. Respondent filed an answer, and Petitioner filed a traverse.

    On May 16, 2008, the Ninth Circuit granted <u>en banc</u> review in <u>Hayward v. Marshall</u> and set oral argument for June 24, 2008. <u>Hayward v. Marshall</u>, 512 F.3d 536 (9th Cir. 2008), <u>reh'g en banc granted</u>, No. 06-55392, slip op. 5923 (9th Cir. May 16, 2008). The issues in <u>Hayward</u> include whether: (1) the district court must issue a Certificate of Appealability for the Ninth Circuit to have appellate jurisdiction; (2) prisoners have a

1  constitutionally protected liberty interest in parole; and
2  (3) if a liberty interest is created, what process is due under
3  clearly established Supreme Court authority.  (Hayward Resp't
4  Brief at 1.)

5  Before the Court is Respondent's motion to stay
6  proceedings until the mandate in Hayward is issued (docket no.
7  12).

8  The Court possesses a strong interest in granting a stay
9  where it would be "efficient for [the Court's] docket and the
10 fairest course for the parties." Leyva v. Certified Grocers of
11 Cal., 15 593 F.2d 857, 863 (9th Cir. 1979).  When considering
12 whether to grant a stay, the Court weighs the possible damage
13 that may result, the hardship or inequity that the parties may
14 suffer, and overarching concerns of judicial order, such as
15 whether issues, proof, or questions of law will be simplified or
16 complicated by the issuance of a stay.  Lockyer v. Mirant Corp.,
17 398 F.3d 1098, 1109, 1111 (9th Cir. 2005).  The Court also
18 considers the existence of similar cases that are pending within
19 its jurisdiction and the probability that more are likely to be
20 filed.  Id.  Granting a stay in a case that is on the forefront
21 of a particular legal issue allows for resolution of the issues
22 in a uniform manner.  Id.

23 On the other hand, habeas proceedings "implicate special
24 considerations that place unique limits on a district court's
25 authority to stay a case in the interests of judicial economy."
26 INS v. Yong, 208 F.3d 1116, 1120 (9th Cir. 2000).  "A long
27 stay . . . threatens to create the perception that courts are
28

2

more concerned with efficient trial management than with the vindication of constitutional rights." Id.

The Court finds that judicial order and economy would be best served by granting a stay in the present case. Once the law is settled, it can be uniformly applied. Thus, a stay would ensure that this case and others like it will be treated in a uniform fashion. Furthermore, because part of Petitioner's claim is that he has been deprived of a constitutionally protected liberty interest in parole, the viability of his claim may be affected by Hayward. The Ninth Circuit may also choose to clarify the holdings of other cases that are critical to the outcome of this case. If this Court were to rule on this case prior to the disposition of Hayward, the losing party would likely appeal.

The Ninth Circuit has stayed sua sponte the hearing of many similar habeas cases until the resolution of Hayward. See, e.g., Tolliver v. Carey, no. 07-15347 (9th Cir. Feb. 4, 2008); Boatman v. Brown, no. 05-16199 (9th Cir. Jan. 24, 2008); Smiley v. Hernandez, no. 06-55727 (9th Cir. Feb. 8, 2008); Valdivia v. Brown, no. 08-15650 (9th Cir. June 4, 2008); Johnson v. Newland, no. 04-16712 (9th Cir. Jan. 24, 2008); Varner v. Brown, no. 05-16029 (9th Cir. Jan. 14, 2008); Johnson v. Finn, no. 06-2317042 (9th Cir. Feb. 20, 2008). This case would likely be stayed as well and then remanded for consideration in light of the en banc decision in Hayward. The stay will not be indefinite in length. Cf. Yong, 208 F.3d at 1119 n.2. As mentioned above, Hayward is set for argument on June 24, 2008. If a decision is delayed, Petitioner may move to lift the stay.

3

Accordingly, these proceedings are hereby STAYED pending resolution of <u>Hayward</u> by the Ninth Circuit. Nothing further will take place in this action until the decision in <u>Hayward</u> is issued.

Within <u>seven (7) days</u> of the Ninth Circuit's issuance of the mandate in <u>Hayward</u>, the parties shall move to lift the Court's stay. If appropriate, the Court will allow further briefing and then will decide the case.

This Order terminates Docket no. 12.

IT IS SO ORDERED.

DATED: 6/24/08

*[signature]*
CLAUDIA WILKEN
United States District Judge

UNITED STATES DISTRICT COURT
FOR THE
NORTHERN DISTRICT OF CALIFORNIA

CHARLES W LEWIS,

        Plaintiff,

v.

ARNOLD SCHWARZENEGGER et al,

        Defendant.

Case Number: CV07-02465 CW

**CERTIFICATE OF SERVICE**

I, the undersigned, hereby certify that I am an employee in the Office of the Clerk, U.S. District Court, Northern District of California.

That on June 24, 2008, I SERVED a true and correct copy(ies) of the attached, by placing said copy(ies) in a postage paid envelope addressed to the person(s) hereinafter listed, by depositing said envelope in the U.S. Mail, or by placing said copy(ies) into an inter-office delivery receptacle located in the Clerk's office.

Amanda Jane Murray
California Department of Justice
State Attorney General's Office
455 Golden Gate Avenue
Suite 11000
San Francisco, CA 94102-7004

Charles W. Lewis B-83314
California Medical Facility
P.O. Box 2500
Vacaville, CA 95696-2500

Dated: June 24, 2008

                                        Richard W. Wieking, Clerk

                                        By: Sheilah Cahill, Deputy Clerk