IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHARLES W. LEWIS, | No. 07-02465 CW |
| Petitioner, | ORDER DENYING RESPONDENT'S |
| v. | MOTION FOR STAY PENDING APPEAL |
| KATHLEEN DICKINSON, Warden, California Medical Facility, | AND GRANTING TEMPORARY STAY |
| Respondent. / | |

Respondent Kathleen Dickinson requests an expedited ruling on her motion for a stay of the Court's August 31, 2010 Order granting Petitioner Charles W. Lewis' petition for a writ of habeas corpus.[1] Petitioner opposes the motion. During the pendency of this motion, Respondent filed a similar motion for a stay in the Ninth Circuit. The matter was taken under submission. Having considered all the papers filed by the parties, the Court denies the motion and grants a temporary stay to allow the Ninth Circuit time to rule on Respondent's motion for a stay.

BACKGROUND

On May 8, 2007, Petitioner filed his request for a writ of habeas corpus directed to Governor Arnold Schwarzenegger's February 11, 2005 reversal of the Board of Parole Hearings' (Board)

---

[1] Respondent has failed to cite authority for her request for an expedited ruling by September 22, 2010, within four Court days from the date of the filing of her motion.

September 15, 2004 decision that Petitioner was suitable for parole. On August 31, 2010, the Court granted the petition, vacated the Governor's decision and remanded to the Board to implement its 2004 decision finding Petitioner suitable for parole. The Court ordered the Board, within thirty days from the date of the Order, to notify the Court of Petitioner's parole date and, within seven days thereafter, to notify the Court whether Petitioner was released. Respondent moves for a stay of the August 31, 2010 Order and requests an expedited ruling on its motion.

LEGAL STANDARD

Federal Rule of Civil Procedure 62(c) and Federal Rule of Appellate Procedure 8(a) govern the power of district and appeal courts to stay an order pending appeal. Hilton v. Braunskill, 481 U.S. 770, 776 (1987). The factors regulating a stay pending appeal under both rules are generally the same in that the party seeking a stay must show (1) that there is a likelihood of success on the merits of its appeal and the possibility of irreparable harm, (2) that the issuance of a stay will not substantially injure the other parties to the proceeding, and (3) that a stay will not harm the public interest. Id.

DISCUSSION

Respondent argues that she has a high likelihood of success on the merits because the Court improperly applied In re Lawrence, 44 Cal. 4th 1181, 1210-11 (2008) (holding that California's "some evidence" test should be applied to a habeas petition challenging the denial of parole), to Petitioner's due process claim. According to Respondent, the Lawrence "some evidence" test is not

2

clearly established federal law for purposes of analysis under the Antiterrorism and Effective Death Penalty Act (AEDPA) and neither is <u>Hayward v. Marshall</u>, 603 F.3d 546, 562-63 (9th Cir. 2010)(en banc), which held that the <u>Lawrence</u> "some evidence" test applies to federal habeas review of parole decisions. Respondent argues that the Supreme Court has not held that the federal Due Process Clause requires compliance with state due process protections and to do so violates AEDPA's requirement that habeas petitions may be granted only if the state court decision violated established federal law. Furthermore, Respondent argues that the Governor and the public will be irreparably injured if a stay is not granted because an order directing the Board to release Petitioner usurps the constitutional and legislative mandates for the Governor to review the Board's decisions.

    Respondent has not demonstrated a strong likelihood of success on the merits of her appeal. Respondent merely repeats arguments she made in her answer to the petition for a writ of habeas corpus and in her supplemental briefing addressing the application of <u>Hayward</u> to the petition. <u>See</u> August 31, 2010 Order at 11-12 (addressing Respondent's arguments that California inmates do not have a federally protected liberty interest in parole release and, in the alternative, that <u>Hayward</u> only requires a federal habeas court to determine whether California's procedures were sufficient to protect the prisoner's state substantive rights and to do otherwise constitutes an improper review of state authority rather than Supreme Court authority). The Court applied Supreme Court and Ninth Circuit authority and California case law, statutes and

3

regulations addressing the "some evidence" standard of review. See August 31, 2010 Order at 10-15. As explained in the August 31, 2010 Order, a post-Hayward case, Pearson v. Muntz, 606 F.3d 606, 609 (9th Cir. 2010), confirmed the holding of Hayward that federal habeas review of California's "some evidence" requirement is mandated by the federal Due Process Clause.

Likewise, Respondent's argument that the Governor and the public will be irreparably injured because the Court has "usurped" the Governor's power by requiring the Board to release Petitioner without allowing the Governor to engage in a second review is not persuasive. Respondent argues that the only remedy the Court could employ was to order the Governor to re-review the Board's decision finding Petitioner suitable for parole. However, as indicated in the August 31, 2010 Order, another review by the Governor would be futile because the Board has twice found Petitioner to be suitable for parole and, on this record, there is no evidence the Governor could cite that would establish Petitioner's current dangerousness. Therefore, the Governor's authority and the public interest in the State's established parole process will not be affected by Petitioner's release. Because the Court has found that there is no evidence that supports a finding of Petitioner's current dangerousness, the public's safety will not be affected if Petitioner is released.

On the other hand, Petitioner will suffer irreparable injury if the Court's order is stayed until the Ninth Circuit rules on Respondent's appeal. Petitioner's release date, as calculated by the Board, was September 12, 1986. He will suffer further

4

confinement while awaiting the Ninth Circuit's ruling, which may take as long as two years.

Because Petitioner will suffer irreparable injury if the August 31, 2010 Order is stayed and Respondent and the public will suffer little or no injury, and because it is unlikely that Respondent will succeed on the merits, the Court denies Respondent's motion for a stay pending appeal. However, the Court grants a temporary stay to allow time for the Ninth Circuit to rule on Respondent's motion. This Court's stay shall remain in effect only until the Ninth Circuit rules on Respondent's stay motion.

## CONCLUSION

For the foregoing reasons, Respondent's motion for a stay pending appeal is denied and a temporary stay is granted until the Ninth Circuit rules on Respondent's stay motion.

IT IS SO ORDERED.

Dated: 9/28/2010

CLAUDIA WILKEN
United States District Judge

5

UNITED STATES DISTRICT COURT
FOR THE
NORTHERN DISTRICT OF CALIFORNIA

CHARLES W LEWIS,

    Plaintiff,

v.

ARNOLD SCHWARZENEGGER et al,

    Defendant.

Case Number: CV07-02465 CW

**CERTIFICATE OF SERVICE**

I, the undersigned, hereby certify that I am an employee in the Office of the Clerk, U.S. District Court, Northern District of California.

That on September 28, 2010, I SERVED a true and correct copy(ies) of the attached, by placing said copy(ies) in a postage paid envelope addressed to the person(s) hereinafter listed, by depositing said envelope in the U.S. Mail, or by placing said copy(ies) into an inter-office delivery receptacle located in the Clerk's office.

United States Court of Appeals
95 Seventh Street
Post Office Box 193939
San Francisco, CA 94119-3939

Dated: September 28, 2010

    Richard W. Wieking, Clerk
    By: Nikki Riley, Deputy Clerk